**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MONICA RODRIGUEZ,

                    Plaintiff,

           -against-

MICHAEL ASTRUE,
Commissioner of Social Security
Administration,

                    Defendant.
-------------------------------------------------------X

                **MEMORANDUM OF**
                **DECISION AND ORDER**
                09-cv-4588 (ADS)

**APPEARANCES:**

**Persuad & Morrin PLLC**
*Attorneys for the plaintiff*
1105 Route 110
Farmingdale, NY 11735-4818
      By:    Sharmine Persaud, Esq., of Counsel

**Loretta E. Lynch, United States Attorney for the Eastern District of New York**
*Attorney for the defendant*
271 Cadman Plaza East
7th Floor
Brooklyn, NY 11201
      By:    Assistant United States Attorney Arthur Swerdloff

**SPATT, District Judge.**

      This Social Security appeal challenges the denial of plaintiff Monica

Rodriguez's application for a Social Security disability award. The defendant Social

Security Administration now moves to dismiss the appeal as barred by the relevant

statute of limitations. For the reasons set forth below, the Court grants the

defendant's motion.

# I. BACKGROUND

On or about January 27, 2006, plaintiff Monica Rodriguez filed a *pro se* petition with the defendant United States Social Security Administration ("SSA") seeking a disability award based on "two strokes, severe seizures, high blood pressure, underactive thyroid, severe headaches, [and] loss of memory and concentration." (Admin. Record at 37.) On March 24, 2006, the SSA denied Rodriguez's application, and on May 11, 2006, Rodriguez requested an in-person hearing on the matter. The SSA thus scheduled a hearing, and on April 17, 2008, Administrative Law Judge Seymour Rayner conducted a hearing at which Rodriguez appeared and supported her claim. On May 8, 2008, ALJ Rayner issued a decision denying Rodriguez's claim. On May 30, 2008 Rodriguez then appealed this decision to the Social Security Administration Appeals Council. On August 5, 2008, the Appeals Council upheld ALJ Rayner's determination, thus affirming with finality the SSA's denial of Rodriguez's application for benefits. During all of these proceedings, Rodriguez remained *pro se*.

The August 5, 2008 letter from the Appeals Council denying Rodriguez's claim indicated that she had sixty days from receipt of the letter to file a civil action with regard to the SSA's decision. Based on this factual basis, the plaintiff's time to file the civil action expired on or about October 9, 2008. More than a year later, on October 24, 2009, Rodriguez filed the present action with the assistance of counsel. In December 2008, prior to filing this action, Rodriguez had requested from the SSA an extension of time to file an appeal in federal court, but the SSA denied the request as untimely and unsubstantiated.

The defendant now moves to dismiss this action as barred by the relevant sixty day limitations period. The plaintiff agrees that an appeal of a final decision by the SSA must generally be filed within sixty days of receipt of the decision, and also agrees that her appeal was not filed within this period. However, the plaintiff asserts that she is entitled to an exception to this rule based on her alleged mental incapacity during the limitations period. Specifically, the plaintiff alleges that "[d]ue to plaintiff's mental impairment plaintiff did not know or understand that plaintiff could request further action and file a federal court action [upon receipt of the SSA's final decision]," and that "the statute of limitations should have been equitably tolled because plaintiff's mental impairment prevented her from filing a timely appeal." (Compl., ¶¶ 10, 12(i).) In her memorandum of law—though not in any affidavit or pleading—the plaintiff indicates that the "mental impairment" from which she suffered during the limitations period in 2008 was depression. (Pl.'s Resp. at 16.) The defendant asserts that there is no basis to toll the limitations period as the plaintiff requests, and that the case should be dismissed as untimely.

## II. DISCUSSION

42 U.S.C. § 405(g) provides for judicial review of a final determination by the SSA within sixty days of the petitioner's receipt of the SSA's determination. Section 405(g) thus states in pertinent part:

(g) Judicial review

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after

the mailing to him of notice of such decision or within such further
time as the Commissioner of Social Security may allow.

The subsequent subsection in the code, namely, 42 U.S.C. § 405(h), further provides

that this timely appeal is the only method by which a petitioner may challenge in

federal court the SSA's final determination of a Social Security determination.

As discussed above, the parties agree—as does the Court—that the plaintiff's

petition was not timely filed pursuant to Section 405(g), and, generally, that this

would result in the dismissal of the plaintiff's appeal. However, the plaintiff asserts

that she is entitled to an equitable tolling of the limitations period based on her mental

incapacity. In presenting this contention, the plaintiff relies primarily on a Second

Circuit case, Canales v. Sullivan, 936 F.2d 755 (2d Cir. 1991), to support her tolling

argument. In Canales, the plaintiff had exhausted all of her remedies with the SSA in

an unsuccessful *pro se* application for Social Security disability benefits. Id. at 757.

More than sixty days after her final SSA appeal was denied, the plaintiff in Canales

filed an action in federal district court challenging the SSA's denial. Id. The SSA

then sought to dismiss the plaintiff's law suit on timeliness grounds. Now

represented by counsel, the plaintiff asked the court to equitably toll the limitations

period based on her mental incapacitation during the sixty days following the SSA's

final determination. Id. In support of her application, the plaintiff submitted an

affidavit stating that she was "extremely depressed and upset" when her claim was

denied by the SSA. Id. Her SSA file also indicated she had a mental health history

that included "major depressive disorder compounded by psychotic features, paranoid

ideation, irritability, crying spells, and headaches, [as well as] acute difficulties of

4

concentration, anxiety, and loss of memory." Id. at 756. The Canales plaintiff asserted that these mental health difficulties prevented her from complying with the relevant limitations period, thus requiring that the period be equitably tolled.

The federal district court in Canales rejected the plaintiff's request to toll the limitations period based on the plaintiff's asserted mental incapacity. However, on appeal, the Second Circuit held that "[w]here a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim." Id. at 759. The Second Circuit then remanded the case to the district court to conduct a hearing to determine whether the plaintiff was in fact mentally incapable of complying with the limitations period, and if so, whether equitable tolling would be appropriate. Id. On remand, the SSA stipulated that the plaintiff's claim had been timely filed. See Docket Entry 37, Canales v. Sullivan, No. 08-cv-5793 (S.D.N.Y. 1992).

In the present case, the plaintiff asserts that, under the rule in Canales, she is entitled to at least a hearing to determine whether the limitations period should be tolled based on her alleged mental incapacitation. In opposition, the defendant asserts that the plaintiff has not presented any evidence of mental incapacitation, and is thus entitled to neither a tolling of the limitations period nor an evidentiary hearing on the matter. The Court agrees.

In Canales, the Second Circuit indicated that it is appropriate to conduct a hearing to determine whether to equitably toll the limitations period when the claimant "*avers* incapacity due to mental impairment." Id. (emphasis added). Here, unlike the plaintiff in Canales, the plaintiff has not submitted even her own testimony

in support of her claim to have been mentally incapacitated. Rather, the *unverified* complaint merely *alleges* that the plaintiff had a "mental impairment" (Compl., ¶ 10). Moreover, it is only in the memorandum of law prepared by the plaintiff's counsel in which the plaintiff's impairment is described—very generally—as "depression". (Pl.'s Mem. L. at 16.)

In addition, there is no medical evidence in the record that supports the plaintiff's contention that she was mentally incapacitated during the limitations period. The only evidence relied on by the plaintiff of any mental illness is a report written in March 2006 by a psychologist who examined the plaintiff in connection with her application to the SSA for benefits. That psychologist, Bruce Nyfield, Ph.D., diagnosed the plaintiff in 2006 as having "adjustment disorder with mixed anxiety and depressed mood, provisional," (Admin Record at 132). Dr. Nyfield explained this to mean that the plaintiff would have difficulty "appropriately dealing with moderate-to-high degree[s] of stress [and] perform[ing] complex tasks." (Admin. Record at 131.) Even if this were sufficient evidence to establish that the plaintiff was mentally incapacitated in March of 2006—a doubtful conclusion—it is insufficient to demonstrate mental incapacitation more than two years later in 2008, when the limitations period commenced.

In the Court's view, the plaintiff has failed to offer any evidence that establishes a prima facie case that the she is entitled to equitable tolling of the limitations period on the basis of her alleged mental impairment. The Court thus holds that the plaintiff is not entitled to a <u>Canales</u>-type evidentiary hearing, and further holds that she is not entitled to an equitable tolling of the limitations period.

The Court also finds that the plaintiff's additional arguments in support of an equitable tolling of the limitations period based on the alleged merits of her underlying claim and the alleged misapplication of the SSA's rules and regulations to be without merit.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendant's motion to dismiss this case on the basis of the statute of limitations is granted, and the plaintiff's claims are dismissed; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 18, 2010

___*/s/ Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge